IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| REV. JESSE G. ANDERSON, JR., Executive Director; TEEN CHALLENGE REFERRAL CENTER, INC., et al., | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 7:05-cv-97 (HL) |
| JOYCE D. WALKER, Vice President/Bank Manager; BANK OF AMERICA, INCORPORATED–TIFT/ MAIN STREET, et al., | : : : : : : | |
| Defendants. | : | |

## **ORDER**

Plaintiffs, Rev. Jesse G. Anderson, Jr. and the Teen Challenge Referral Center, Inc., filed their pro se complaint in the Superior Court of Tift County, Georgia, on August 15, 2005. Included with the complaint was a request to proceed *in forma pauperis*. After the case was removed to this Court by Defendants, the Court instructed Plaintiffs that if they wished to proceed *in forma pauperis*, they would have to file a new motion and complete the required affidavit. Plaintiff Anderson has now completed the appropriate affidavit.

A review of Anderson's affidavit discloses a monthly income of $579 ($6,948 per year). The affidavit further discloses monthly household living expenses totaling $412.50

and monthly debt payments totaling $5 per month.  Plaintiff states that he owns no real property, and has no checking account and no savings account.

Pursuant to 28 U.S.C. § 1915(a), a district court must determine whether the statements contained in an *in forma pauperis* affidavit satisfy the requirement of poverty. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004).  According to the United States Department of Health and Human Services, the poverty level for 2005 for a single individual living in the continental United States is $9,570 per year.  Because Anderson has an income that places him below the poverty level for his family size, and his monthly income barely exceeds his monthly expenses, the Court finds he is unable to pay the costs and fees associated with this lawsuit.  Accordingly, the Court hereby **GRANTS** Plaintiffs' motion to proceed *in forma pauperis*.

Anderson is advised that he must serve upon opposing counsel copies of all motions, pleadings, or discovery material filed with the Clerk of Court, and any correspondence, including letters to the Clerk or to a judge. Fed. R. Civ. P. 5(a).  Anderson shall include with any paper filed by him with the Clerk of the Court a certificate stating the date on which a true and correct copy of that paper was mailed to counsel for Defendants.  Anderson is further advised that the Clerk of the Court will not serve or forward to Defendants or their counsel copies of any motions, pleadings, discovery or correspondence.

Anderson is further advised that the following limitations are imposed on discovery: except with written permission of the court first obtained, (1) interrogatories may not exceed

twenty-five to each party (Local Rule 33.1); (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party (Local Rule 34); and (3) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party (Local Rule 36).

Plaintiffs have the responsibility for diligently prosecuting their complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Plaintiffs are required to keep the Clerk of Court advised of their current addresses at all times during the pendency of this action.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of the complaint.

**SO ORDERED**, this 21st  day of October, 2005.

**s/   Hugh Lawson**
**HUGH LAWSON, JUDGE**

mls