# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| REV. JESSE G. ANDERSON, JR., Executive Director; TEEN CHALLENGE REFERRAL CENTER, INC., et al., | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 7:05-cv-97 (HL) |
| JOYCE D. WALKER, Vice President/Bank Manager; BANK OF AMERICA, INCORPORATED–TIFT/ MAIN STREET, et al., | : : : : : : | |
| Defendants. | : | |

## ORDER

Plaintiffs, Rev. Jesse G. Anderson, Jr. and the Teen Challenge Referral Center, Inc., filed their pro se complaint in the Superior Court of Tift County, Georgia, on August 15, 2005. Included with the complaint was a request for appointment of counsel. After the case was removed to this Court by Defendants, the Court instructed Plaintiffs that if they wished to have the Court consider their request for appointment of counsel, they would have to file a new motion. Plaintiff Anderson has now filed a Motion for Appointment of Counsel/Attorney [doc 11].

A plaintiff in a civil case has no constitutional right to appointed counsel. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). A district court may appoint an attorney to

represent a party unable to afford counsel, but the decision to do so is within the court's discretion.  Id.  *See also* 28 U.S.C.A. § 1915(e)(1) (West Supp. 2005).  Moreover, such appointments should be made only in exceptional circumstances.  Bass, 170 F.3d at 1320.

Some courts require a complainant seeking court-appointed counsel to make certain affirmative showings.  At a minimum, a complainant must show diligence in attempting to secure counsel on his own behalf.  *See, e.g.*, Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992) (setting standards for appointment of counsel in Title VII cases). Other factors these courts consider in determining whether to appoint counsel include the plaintiff's ability to afford counsel, the merits of the plaintiff's case, and the plaintiff's capacity to prepare and present the case without the aid of counsel.  Id.

Here, in support of his request, Plaintiff has offered nothing more than his bare assertion that he is unable to present his case without the aid of counsel.  Plaintiff has failed to identify any steps he has taken to secure counsel.  Furthermore, there is very little in the record at this time from which the Court can assess the merits of Plaintiff's case.  Therefore, the Court finds that Plaintiff has failed to persuade the Court that the circumstances of this case are such that appointment of counsel is warranted.  Accordingly Plaintiff's Motion for Appointment of Counsel/Attorney is denied.

**SO ORDERED**, this 21st day of October, 2005.


                                          **s/   Hugh Lawson**
                                          **HUGH LAWSON, JUDGE**

mls