# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| REV. JESSE G. ANDERSON, JR., Executive Director; TEEN CHALLENGE REFERRAL CENTER, INC., et al., : : : : : | |
| Plaintiffs, : | |
| v. : | Civil Action No. 7:05-cv-97 (HL) |
| JOYCE D. WALKER, Vice President/Bank Manager; BANK OF AMERICA, INCORPORATED–TIFT/ MAIN STREET, et al., : : : : : | |
| Defendants. : | |

# ORDER

Rev. Jesse G. Anderson, Jr., proceeding pro se, filed a complaint on behalf of himself and the Teen Challenge Referral Center, Inc. The complaint was originally filed in the Superior Court of Tift County, Georgia, on August 15, 2005, and was removed to this Court by Defendants on September 14, 2005. Defendants asserted that removal was appropriate because Anderson alleged a cause of action for violations of the United States Constitution, as well as for violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691. Thereafter, on September 21, 2005, Defendants filed a Motion to Dismiss, contending that Anderson's complaint failed to state a claim for relief.

On November 30, 2005, Anderson filed Plaintiff's Request for Reconsideration of Motion to Appoint Counsel [doc 18], and on December 27, 2005, he filed a Motion for

Correction of Plaintiff's Mailing Address [doc 21]. However, Anderson has not yet responded to the Motion to Dismiss. After the original time for responding to the Motion passed, on October 21, 2005, the Court issued an order advising Anderson of the consequences of failing to respond to the Motion and extended the time for filing the response for an additional period of twenty days. On November 3, 2005, Anderson requested additional time to respond to the Motion, and the Court extended the deadline again, this time to December 19, 2005. On December 19, 2005, Anderson filed a document styled as a "Motion for Extension"[doc 20], which appears to request both an extension of time to respond to the Motion to Dismiss and leave to amend the complaint. Defendants oppose further extensions for responding to the Motion and also oppose the request for leave to amend.

In moving to amend his complaint, Anderson states, among other things, that his original complaint was filed according to state, rather than federal, guidelines; that he improperly named defendants and that his amended complaint will better represent his claims. (Pl.'s Mot. Extension at 2.) Anderson apparently recognizes that there are some deficiencies in his complaint and wishes to make an effort to correct them. Moreover, he is moving to amend the complaint less than four months after it was removed to this Court and before discovery has commenced.[1] Therefore, the Court finds it appropriate to grant Anderson's request for leave to amend his complaint [doc 20].

---

[1] The Court entered an Order staying discovery on October 21, 2005.

Although the Court grants Anderson's request for leave to amend his complaint, the Court also finds it necessary to place certain restrictions on Anderson's filings. In moving to amend, Anderson states his intention to "represent a class action claim for relief." (Pl.'s Mot. Extension at 2.) Anderson, as a pro se litigant, is not an adequate representative of a putative class and, as such, may not pursue litigation on behalf of a class. *See, e.g.,* Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). Therefore, Anderson's amended complaint should not allege a claim for relief on behalf of a class.

Similarly, as presently filed, Anderson's complaint seeks relief on his own behalf as well as on behalf of the Teen Challenge Referral Center, Inc. The United States Code specifically permits a nonlawyer to represent himself in the courts of the United States. 28 U.S.C.A. § 1654 (West 1994). However, a nonlawyer cannot represent a corporation in the courts of the United States. *See, e.g.,* Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 924 (7th Cir. 2003). Therefore, Anderson's amended complaint should not seek relief on behalf of the Teen Challenge Referral Center, Inc., or any other corporation.

With respect to the question of legal representation, Anderson has filed a motion in which he asks the Court to reconsider its Order of October 21, 2005, denying appointment of counsel. As the Court noted in its previous Order, one of the factors a court should take into consideration when deciding whether to appoint counsel is the merits of the case. At this juncture, the Court cannot assess the merits of Anderson's case. Accordingly, the Request for Reconsideration of Motion to Appoint Counsel [doc 18] is denied.

Anderson has also filed a Motion for Correction of Plaintiff's Mailing Address [doc 21], in which he asks the Court to direct Defendants to use his correct mailing address. A review of the certificate of service of Defendants' most recent filings show that they are using the address given in the Motion for Correction of Plaintiff's Mailing Address. Therefore, the Motion for Correction is moot.

In sum, Plaintiff's Request for Reconsideration of Motion to Appoint Counsel [doc 18] is denied; the Motion for Correction of Plaintiff's Mailing Address [doc 21] is moot. Anderson's Motion for Extension of Time [doc 20] is granted insofar as it seeks leave to amend the complaint. In view of the Court's decision to grant Anderson leave to file an amended complaint, the Court declines to consider Defendants' Motion to Dismiss [doc 4] and hereby dismisses the same without prejudice to file a new motion to dismiss upon the filing of an amended complaint, if otherwise appropriate. Anderson's Motion for Extension of Time, therefore, is moot insofar as it seeks additional time in which to respond to the Motion to Dismiss. Anderson's amended complaint must be filed no later than 30 days from the date of entry of this Order. Failure to file the amended complaint as directed in this Order will result in dismissal of this case.

**SO ORDERED**, this the 10th day of January, 2006.

                                          **s/   Hugh Lawson**
                                          **HUGH LAWSON, JUDGE**

mls